UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:_____

DOMINQUE S. BAPTISTE,

    Plaintiff,

v.

VAL PAK DIRECT MARKETING
SYSTEMS, INC. a California Foreign
Corporation,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, & 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, hereby files this Notice of Removal and removes this action from the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida to the instant Court. As grounds for this removal, Defendant states as follows:

1. Defendant has been named as a party defendant in the case of *Dominque S. Baptiste v. Val Pak Direct Marketing Systems, Inc.*, Case No. CACE 20-001130-CI, pending in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida.[1]

---

[1] Defendant's correct name is Valpak Direct Marketing Systems, Inc. There is no space between "Val" and "Pak." Additionally, Defendant is not a California corporation.

CASE NO.:_____

2. Plaintiff's Complaint and Demand for Jury Trial ("Complaint") was filed in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida on March 4, 2020, and was served on June 23, 2020. In furtherance of demonstrating the service date, Defendant has attached the following documents: CT Corporation Service of Process Transmittal, Process Server Delivery Details, and Summons.

3. Plaintiff's Complaint contains three counts. Count I is a claim for pregnancy discrimination pursuant to Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 ("PDA"); Count II is a claim for retaliation pursuant to Title VII as amended by the PDA; and Count III is a claim for retaliation pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").[2] Although there are no additional counts, paragraph 1 of Plaintiff's Complaint also suggests that Plaintiff's case is being brought

---

Defendant, however, has maintained the caption of the matter as styled by Plaintiff in the state court action.

[2] As noted by Counts I and II of Plaintiff's Complaint, the PDA is an amendment to and therefore part of Title VII. See Armstrong v. Flowers Hosp., Inc., 33 F.3d 1308, 1309 (11th Cir. 1994); see also 42 U.S.C. § 2000e(k). Indeed, the PDA brought discrimination on the basis of pregnancy within the existing statutory framework prohibiting sex-based discrimination under Title VII. Armstrong, 33 F.3d at 1312. Title VII, which provides the substantive rule regarding sex-based employment discrimination, applies with equal force to employment discrimination on the basis of pregnancy. Id. The analysis required for a pregnancy discrimination claim is the same type of analysis used in other Title VII sex discrimination suits. Id. at 1313.

2

CASE NO.:_____

pursuant to the Florida Civil Rights Act, § 760.01 et seq. ("FCRA"). Defendant accordingly addresses the FCRA in this notice in an abundance of caution.[3]

4. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5. This court has original jurisdiction over federal Title VII claims as a law of the United States. See Jimenez v. CVC Hospitality, Inc., 2019 WL 1793038, *2 (M.D. Fla. Apr. 12, 2019); Neitzelt v. Gould, 2017 WL 202608, *2 (M.D. Fla. Jan. 18, 2017); Andre v. Harbor Naples Management, LLC, 2008 WL 11334889, *3 (M.D. Fla. Aug. 14, 2008); see also 42 U.S.C. § 2000e-5(f)(3).

6. This court has original jurisdiction over federal PDA claims as a law of the United States. Andre, 2008 WL 11334889 at *3; see also Boone v. Total Renal Laboratories, Inc., 565 F.Supp.2d 1323, 1325 (M.D. Fla. 2008); 42 U.S.C. § 2000e-5(f)(3).

7. This court has original jurisdiction over federal FMLA claims as a law of the United States. See Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999); Stover v. Ocala Automotive Management, LLC, 2016 WL 8711719, *5 (M.D. Fla. Sept. 9, 2016); Thomas v. Marques, 2005 WL 8160379, *2 (M.D. Fla. Aug. 16, 2005).

---

[3] By so addressing, Defendant does not concede that Plaintiff is pursuing FCRA claims.

CASE NO.:_____

8. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. Given the foregoing, Plaintiff's Complaint is properly removable to this Court based on the enumerated counts under federal law in Plaintiff's Complaint.

10. To the extent that Plaintiff seeks redress under the FCRA, it is by now well-settled that the FCRA and Title VII are analyzed under the same framework, and as such, decisions construing discrimination and retaliation claims under Title VII, including, but not limited to, pregnancy discrimination, are applicable to the same types of claims under the FCRA.  See Hamilton v. Sikorsky Aircraft Corporation, 760 Fed.Appx. 872, 878 (11th Cir. 2019); Davis v. Florida Agency for Health Care Administration, 612 Fed.Appx. 983, 984 (11th Cir. 2015); Slater v. Energy Sources Group, Intern., Inc., 441 Fed.Appx. 637, 640 (11th Cir. 2011); Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387, 1389 (11th Cir. 1998); see also Washington v. Blue Grace Logistics, LLC, 2018 WL 300452, *6 (M.D. Fla. Jan. 4, 2018); Barron v. School Bd. Of Hillsborough County, 3 F.Supp.3d 1323, 1332 (M.D. Fla. 2014); Penaloza v. Target Corp., 2012 WL 6721011, *7 (M.D. Fla. Dec. 27, 2012).

11. Retaliation claims under the FCRA and FMLA are also analyzed using the same framework. Reis v. Universal City Development Partners, Ltd., 442 F.Supp.2d

CASE NO.:_____

1238, 1256 (M.D. Fla. 2006); <u>Matamoros v. Broward Sheriff's Office</u>, 2019 WL 3752776, *4 (S.D. Fla. Aug. 8, 2019).  Not surprisingly, retaliation claims under Title VII and the FMLA are analyzed under the same framework as well.  <u>Strickland v. Water Works and Sewer Bd. Of City of Birmingham</u>, 239 F.3d 1199, 1207 (11th Cir. 2001); <u>Stanley v. Lockheed Martin Corp.</u>, 2013 WL 3974655, *12 (M.D. Fla. Aug. 1, 2013).

12. Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

13. Because any FCRA claims would be analyzed and construed in the same manner as Plaintiff's federal claims, and her Title VII claims in particular, they would be so related to the claims in Plaintiff's Complaint over which this Court has original jurisdiction (Counts I-II in particular) as to form part of the same case or controversy for purposes of supplemental jurisdiction.  See <u>Tarkenton v. Buth Na Bodhaige, Inc.</u>, 2015 WL 12843888, *1 n. 1 (M.D. Fla. Sept. 16, 2015); <u>Castellanos v. Starwood Vacation Ownership, Inc.</u>, 2015 WL 403274, *3 (M.D. Fla. Jan. 8, 2015); <u>United States Equal Employment Opportunity Commission v. Choate Construction Company, Inc.</u>, 2008 WL 11338401, *1 (M.D. Fla. Nov. 25, 2008); <u>Matthew v. Hi*Tech Electronic Displays, Inc.</u>,

5

CASE NO.:_____

2005 WL 5950966, *5 (M.D. Fla. Oct. 17, 2005); <u>Jolley v. Phillips Educ. Group of Central Florida, Inc.</u>, 1996 WL 529202, *1 (M.D. Fla. July 3, 1996).

14. To the extent that Plaintiff seeks relief under the FCRA, moreover, such claims would necessarily involve the exact same facts, occurrences, witnesses, and evidence as her federal law clams, and her Title VII claims in particular. More specifically, each of her federal law claims (and any potential FCRA claims) arise out of her employment with Defendant and her allegedly wrongful dismissal from employment with Defendant for discriminatory and retaliatory reasons related to her pregnancy. Her claims, moreover, implicate the same individuals or group of individuals (e.g. Human Resources). To the extent that Plaintiff seeks relief under the FCRA, therefore, her state and federal claims would be inextricably intertwined with one another, arise out of the same nucleus of operative facts, and form part of the same case or controversy. See <u>Pintando v. Miami-Dade Housing Agency</u>, 501 F.3d 1241, 1242 (11th Cir. 2007); <u>Hudson v. Delta Airlines, Inc.</u>, 90 F.3d 451, 455 (11th Cir. 1996); <u>Palmer v. Hospital Authority of Randolph County</u>, 22 F.3d 1559, 1566-1567 (11th Cir. 1994); <u>see also</u> <u>Castellanos</u>, 2015 WL 403274 at *3.

15. Because Counts I-III arise under the laws of the United States (i.e. they present a federal question), and because any FCRA claims would be so related to Counts I-III as to form part of the same case or controversy, this action is properly removable in

6

CASE NO.:_____

its entirety to the United States District Court, Middle District of Florida pursuant to 28 U.S.C. §§ 1331, 1367, and 1441.

16. This case is being timely removed to the instant Federal Court within thirty (30) days of service, as provided in 28 U.S.C. § 1446(b). See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-348, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999); Edwards v. Apple Computer, Inc., 645 Fed.Appx. 849, 852 (11th Cir. 2016); Burns v. Ford Motor Co., 2008 WL 4791111, *2 (M.D. Fla. Oct. 31, 2008); Argain v. Wayne Transportation, LLC, 2008 WL 11331819, *1 (S.D. Fla. Mar. 27, 2008).

17. In accordance with the provisions of 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the Defendant are attached, inclusive of Plaintiff's Complaint and exhibits thereto, all remaining State Court documents (Civil Cover Sheet filed in State Court, one non-issued Summons, one issued Summons, two Applications for Determination of Civil Indigent Status, and one approved Application for Determination of Civil Indigent Status), and State Court docket sheet.

18. Written notice of the filing of this removal notice shall promptly be given to Plaintiff through her counsel, and a copy of this Notice of Removal shall promptly be filed with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, in accordance with the provisions of 28 U.S.C. § 1446(d).

**WHEREFORE**, the Defendant respectfully removes this matter from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 20-

CASE NO.:_____

001130-CI, to the United States District Court for the Middle District of Florida, Tampa Division.

Respectfully submitted,

By: */s/*Jeffrey M. Goodz
Jeffrey M. Goodz, Esquire
Florida Bar No: 953600
MCGUINNESS & CICERO
1000 Sawgrass Corporate Parkway, Suite 590
Sunrise, FL 33323
Telephone: (954) 626-5034
Facsimile: (954) 838-8842
Primary Email: jeffrey.goodz@mc-atty.com
Secondary Email: eservice@dmc-atty.com
acali@mc-atty.com
Trial Counsel for Defendant

CASE NO.:_____

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2020, I electronically filed the foregoing through the CM/ECF system and also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF, or via email or some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

        By: */s/*Jeffrey M. Goodz
        Jeffrey M. Goodz, Esquire
        Florida Bar No: 953600
        MCGUINNESS & CICERO
        1000 Sawgrass Corporate Parkway, Suite 590
        Sunrise, FL 33323
        Telephone: (954) 626-5034
        Facsimile: (954) 838-8842
        Primary Email:  jeffrey.goodz@mc-atty.com
        Secondary Email: eservice@dmc-atty.com
                acali@mc-atty.com
        Trial Counsel for Defendant

CASE NO.:_____

## SERVICE LIST

Case No.: _____

**Jeffrey M. Goodz, Esquire**
MCGUINNESS & CICERO
1000 Sawgrass Corporate Parkway, Suite 590
Sunrise, FL 33323
Telephone:  (954) 626-5034
Facsimile:  (954) 838-8842
Primary Email:  jeffrey.goodz@mc-atty.com
Secondary Email: eservice@dmc-atty.com
                  acali@mc-atty.com
Trial Counsel for Defendant

**April S. Goodwin, Esquire**
THE GOODWIN FIRM
801 W. Bay Drive, Suite 705
Largo, FL 33770
Telephone: (727) 316-5333
Primary E-mail:  april@goodwin-firm.com
Trial Counsel for Plaintiff

**Bridgette M. Domingos, Esquire**
DOMINGOS LAW
801 W. Bay Drive, Suite 705
Largo, FL 33770
Telephone: (727) 755-8448
Primary E-mail: Bridgette@domingoslaw.com
Trial Counsel for Plaintiff