IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA

Case No.:

DOMINQUE S. BAPTISTE,

    Plaintiff,

vs.

VAL PAK DIRECT MARKETING SYSTEMS, INC.,
a California Foreign Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DOMINQUE S. BAPTISTE, ("Baptiste" or "Plaintiff") by and through undersigned counsel, sues Defendant, VAL PAK DIRECT MARKETING SYSTEMS, INC., a California Foreign Corporation, ("Val Pak" or "Defendant") and alleges the following:

### NATURE OF ACTION

1. Baptiste brings this action against Val Pak for violations of Title VII of the Civil Rights Act of 1964 (Title VII) (42 U.S.C. § 2000e) as amended by the Pregnancy and Discrimination Act of 1978 and the Family and Medical Leave Act (FMLA) (29 U.S.C. §§ 2601-2654) and the Florida Civil Rights Act, F.S. § 760.10 in excess of $30,000.00.

### JURISDICTION AND VENUE

2. Venue is proper because the parties reside, or are located, within the state of Florida and, specifically, within Pinellas County, Florida. Furthermore, the acts that give rise to this action occurred in St. Petersburg, Florida.

3. Over 30k

## PARTIES

4. All times material to this case, Baptiste is and was a resident of the State of Florida in Pinellas County.

5. From April of 2007 to January 22, 2018, Baptiste was employed by Val Pac as a Senior Process Technician, Machine Operator.

6. At all times material to this case, Baptiste was an "employee" of Val Pak as defined by all pertinent state and federal laws.

7. Defendant is a California for profit corporation authorized to do business in the State of Florida with its principal place of business in St. Petersburg, Florida.

8. At all times material to this case, Val Pak was an "employer" as defined by all pertinent state and federal laws that employed more than 50 employees within 75 miles of the location at which Batiste worked.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9. Baptiste timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), a copy of which is attached hereto as **Exhibit A**, and accordingly, is permitted to proceed to court on her claims.

10. On November 30, 2018 counsel for Plaintiff received Notice of Right to Sue from the EEOC for her Charge, a copy of which is attached hereto as **Exhibit B.**

11. Baptiste has satisfied all of the administrative procedures that were conditions precedent to filing this cause of action with no satisfactory remedy.

## FACTS

12. Baptiste became employed with Val Pak in April of 2007, as a Process Technician.

13. Baptiste was promoted in October of 2007 to Sr. Process Technician, a machine operator.

14. Baptiste began dating a supervisor in another department, DeMaryland Cooper, in December of 2016. Mr. Cooper had previously dated co-employee, Angela Lane.

15. Angela Lane became aware of Mr. Cooper's relationship with Baptiste in December of 2016.

16. In or about April 2017, Baptiste complained to a lead supervisor, Mr. Harris, that she was being bullied and harassed by co-employees, Angela Lane and Angel, Angela's twin sister, who worked in the same department. There was no corrective action taken by Defendant.

17. In or about June 2017, it became apparent to Human Resources and co-employees that Baptiste was pregnant with Mr. Cooper's child.

18. In or about June July 2017, Angela Lane's complaints about Baptiste escalated to Human Resources due to Baptiste's pregnancy.

19. Baptiste also complained to Human Resources of the escalated harassment and Human Resources advised Baptiste to stay away from Ms. Lane.

20. Upon information and belief, Ms. Lane was not disciplined by Defendant for her actions towards Baptiste.

21. Baptiste advised Human Resources that Angela Lane seriously interfered with her ability to do her job. Again, there was no corrective action taken against Ms. Lane.

22. The lead supervisor, Mr. Harris, continually placed Angela Lane and Angel in close proximity of Baptiste's workstation.

23. Employees, Angela Lane and Angel continued to report frivolous complaints about Baptiste to Human Resources through the fall of 2017. Baptiste continued to be chastised, with no disciplinary actions to Baptiste as the complaints were unfounded.

24. The Human Resource Director stated to Baptiste, "we can't do business like this," referring to the continuous frivolous complaints from Angela Lane and Angel about Baptiste.

25. The Director insinuated Baptiste should rectify the situation with co-employees herself.

26. On or about January 19, 2018, Baptiste told Human Resources she was engaged to Mr. Cooper.

27. Baptiste also advised Human Resources that she would be filing for the Family and Medical Leave (FMLA) for pregnancy leave and began the paperwork for same.

28. On or about January 19, 2018, Angel was working on Baptiste's machine. Baptiste, nine months pregnant at the time and therefore larger than normal, moved behind Angel and brushed her lightly.

29. Angel complained to the lead supervisor, Mr. Harris, stating that Baptiste intentionally pushed her.

30. Mr. Harris did not investigate this matter by speaking to Baptiste nor the witness(es) to the incident.

31. Supervisor Rip Van, told Baptiste to write a statement when she returned to work the following day.

32. On or about January 20, 2018, when Baptiste returned to work, she was advised she had been terminated for not writing the statement on the day of the incident. Therefore, Baptiste was unable to complete the statement that Supervisor Rip Van advised her to write.

33. As a result of the termination, Baptiste was unable to file her paperwork for FMLA with Human Resources for pregnancy leave.

34. Baptiste has retained the undersigned counsel and is obligated to pay them a fee.

## COUNT I
### Discrimination Based on Pregnancy in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.) as Amended by the Pregnancy Discrimination Act of 1978.

35. Baptiste re-alleges and references each and every allegation contained in paragraphs 1 through 34 and incorporates the same as if fully restated herein.

36. Baptiste was pregnant and qualified for her position when Defendant fired her.

37. Defendant was well aware that Baptiste was pregnant.

38. Defendant, via its Human Resources Department, marginalized Baptiste while treating non-pregnant similarly situated employees more favorably. Specifically, Defendant's Human Resources Department failed to investigate Baptiste's claims of pregnancy-based harassment from Ms. Lane and Angel, yet disciplined Baptiste when she reacted to the harassment.

39. Baptiste suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

40. Defendant intentionally violated Baptiste's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT II
### Retaliation in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.) as Amended by the Pregnancy Discrimination Act of 1978

41. Baptiste re-alleges and references each and every allegation contained in paragraphs 1 through 34 and incorporates the same as if fully restated herein.

42. Baptiste was pregnant and qualified for her position when Defendant fired her.

43. On several dates between May 2017 and January 2018, Baptiste engaged in protected activity by complaining to Defendant's Human Resources Department about Angela Lane and Angel's harassment based on Baptiste's pregnancy. Specifically, Baptiste told Defendant's Human Resources Department that Angela Lane and Angel were harassing her at work based on her being pregnant with Mr. Cooper's child. Defendant failed to investigate or discipline Ms. Lane or Angel.

44. Only mere weeks after Baptiste complained of harassment based on her pregnancy, Defendant summarily fired Baptiste on January 20, 2018, allegedly because she did not write a written statement regarding the January 20, 2018 incident.

45. Defendant's alleged reason for terminating Baptiste's employment is pretextual and baseless. Defendant fired Baptiste because she complained of pregnancy discrimination on throughout most of 2017.

46. Baptiste suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

47. Defendant intentionally violated Baptiste's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT III
### Retaliation in Violation of the Family and Medical Leave Act (FMLA)
### (29 U.S.C. §§ 2601-2654)

48. Baptiste re-alleges and references each and every allegation contained in paragraphs 1 through 34 and incorporates the same as if fully restated herein.

49. Baptiste was pregnant and qualified for her position when Defendant fired her.

50. On January 19, 2018, Baptiste engaged in protected activity by asking to take leave under the terms permitted by the FMLA.

51. Only *one day* after Baptiste requested the leave, Defendant summarily fired Baptiste on January 20, 2018 allegedly because she didn't provide a written statement about the January 20, 2018 incident.

52. Defendant's alleged reason for terminating Baptiste's employment is pretextual and baseless. Defendant fired Baptiste because she asked to take FMLA leave to care for her newborn child.

53. Baptiste suffered damages as a result of Defendant's unlawful retaliatory actions, including past and future lost wages and benefits and the costs of bringing this action.

54. Defendant willfully violated Baptiste's rights under the FMLA and, as a result, is liable for liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for her past and future loss of wages and benefits, plus interest;

C. Order Defendant to reinstate Plaintiff to a position comparable to her former position or, in lieu of reinstatement, award her front pay (including benefits);

D. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

F. Award to Plaintiff compensatory damages;

G. Award to Plaintiff punitive damages; and

H. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all matters so triable.

Dated: February 28, 2020

                                                  Respectfully submitted,

/s/ April S. Goodwin
APRIL S. GOODWIN, ESQ.
FLORIDA BAR NO: 0502537
The Goodwin Firm
801 West Bay Drive, Suite 705
Largo, FL 33770
Phone: (727) 316.5333
april@goodwin-firm.com

/s/ Bridgette M. Domingos
BRIDGETTE M. DOMINGOS, ESQ.
FLORIDA BAR NO: 102375
Domingos Law
801 West Bay Drive, Suite 705
Largo, FL 33770
Phone: (727) 755-8448
bridgette@domingoslaw.com

*Attorneys for Plaintiff*

#511-2019-10697 EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | Received NOV 05 2018<br>Tampa Field Office and EEOC |

FHRC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Dominque Shereen Baptiste | 727-557-6205 | 02/14/1985 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2220 21st Avenue S | St. Petersburg, FL 33712 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Valpak | Over 100 | 727-568-4200 |

| Street Address | City, State and ZIP Code |
|---|---|
| Valpak Ave. N | St. Petersburg, FL |

OCT 29 2018

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☒ OTHER (Specify) Pregnancy

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 1/19/2018   Latest: 01/22/2018
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

ValPak is a Florida corporation that provides print, mobile and online advertising solutions to companies and coupons to consumers. I first became employed by ValPak in April 2007 as a Process Technician and was soon thereafter promoted to Sr. Process Technician, a position in which I stayed for the remained of my employment with ValPak. As a Sr. Process Technician I was a machine operator and worked third shift.

In December 2016 I began dating DeMaryland Cooper, who was, and still is, a supervisor in another department at ValPak. Mr. Cooper had previously been in a relationship with another Sr. Process Technician in my department, Angela Lane. Angela's twin sister, Angel, also worked in my department as a Sr. Process Technician. The twins, as we all referred to them, we not happy with my relationship with Mr. Cooper and gave me a hard time about it, calling me names. I did complain to a lead supervisor, Harris, about it, but nothing was done.

I found out I was pregnant in late May 2017. I hid my pregnancy for a long time, but eventually was unable to do so. At this point, Angela went to HR and complained about me, despite the fact that she was the one who was harassing me. HR told me just to stay away from Angela. I told them avoiding Angela seriously interfered with my ability to do my job, but they did not seem to care. Additionally, Harris kept having me work in close proximity to the twins.

The twins would go to HR about me all the time and HR always took their side but didn't directly discipline me because I wasn't doing anything wrong. The HR director told me, "we can't do business like this," referring to the drama that the twins were creating, but she put it all on me to rectify. Unfortunately, I couldn't not be pregnant with Mr. Cooper's child and that fact could not be hidden any longer.

This continued the fall of 2017 – the twins would issue frivolous complaints to HR about me, and I would be chastised for it. In November of 2017, I informed HR that Mr. Cooper and I were engaged.

During my overnight shift on January 18-19, 2018, I found Angel (the sister) working on my machine. I brushed her lightly, trying to get around her. I was 9 months pregnant at this point. Of course, Angel called Harris and stated I had

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**EXHIBIT B**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Dominique S. Baptiste<br>2220 21st Ave. S.<br>St Petersburg, FL 33712 | From: | Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2019-00697 | Hatto Parra, Investigator | (813) 202-7941 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Evangeline Hawthorne*

Evangeline Hawthorne,
Director

11/20/19

*(Date Mailed)*

Enclosures(s)

cc: **VALPAK**
C/o Jeffrey M. Goodz
**MCGUINNESS & CICERO**
1000 Sawgrass Corporate Pkwy., Suite 590
Sunrise, FL 33323

April S. Goodwin, Esq.
**THE GOODWIN FIRM**
801 West Bay Dr.
Suite 705
Largo, FL 33770