UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOMINQUE S. BAPTISTE,　　　　　　　　　　CASE NO: 8:20-cv-1685-T-35CPT

　　　　Plaintiff,

vs.

VAL PAK DIRECT MARKETING SYSTEMS,
INC., a California foreign corporation,

　　　　Defendant.
_____/

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

　　　　Plaintiff, DOMINQUE S. BAPTISTE, ("Baptiste" or "Plaintiff") by and through undersigned counsel, sues Defendant, VAL PAK DIRECT MARKETING SYSTEMS, INC., a California Foreign Corporation, ("Val Pak" or "Defendant") and alleges the following:

## NATURE OF ACTION

　　　　1.　　Baptiste brings this action against Val Pak for violations of and the Family and Medical Leave Act (FMLA) (29 U.S.C. §§ 2601-2654) and the Florida Civil Rights Act, Fla. Stat. § 760.10.

## JURISDICTION AND VENUE

　　　　2.　　Federal Question Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to the Family and Medical Leave Act (FMLA) (29 U.S.C. §§ 2601-2654. Supplemental jurisdiction, and joinder of parties for additional state law claims is proper pursuant to 28 U.S.C. §1367(a) because they form part of the same case or controversy.

　　　　3.　　Pursuant to 28 U.S.C. § 1391 proper venue for this cause of action is the United States District Court for the Middle District of Florida. The unlawful employment practices complained of herein occurred within the Middle District of Florida, specifically, St. Petersburg, Florida.

## PARTIES

4. All times material to this case, Baptiste is and was a resident of the State of Florida in Pinellas County.

5. From April of 2007 to January 22, 2018, Baptiste was employed by Val Pac as a Senior Process Technician, Machine Operator.

6. At all times material to this case, Baptiste was an "employee" of Val Pak as defined by all pertinent state and federal laws.

7. Defendant is a California for profit corporation authorized to do business in the State of Florida with its principal place of business in St. Petersburg, Florida.

8. At all times material to this case, Val Pak was an "employer" as defined by all pertinent state and federal laws that employed more than 50 employees within 75 miles of the location at which Batiste worked.

## FACTS

9. Baptiste became employed with Val Pak in April of 2007, as a Process Technician.

10. Baptiste was promoted in October of 2007 to Sr. Process Technician, a machine operator.

11. Baptiste began dating a supervisor in another department, DeMaryland Cooper, in December of 2016. Mr. Cooper had previously dated co-employee, Angela Lane.

12. Angela Lane became aware of Mr. Cooper's relationship with Baptiste in December of 2016.

13. In or about April 2017, Baptiste complained to a lead supervisor, Mr. Harris, that she was being bullied and harassed by co-employees, Angela Lane and Angel, Angela's twin sister, who worked in the same department. There was no corrective action taken by Defendant.

14. In or about June 2017, it became apparent to Human Resources and co-employees that Baptiste was pregnant with Mr. Cooper's child.

15. In or about June July 2017, Angela Lane's complaints about Baptiste escalated to Human Resources due to Baptiste's pregnancy.

16. Baptiste also complained to Human Resources of the escalated harassment and Human Resources advised Baptiste to stay away from Ms. Lane.

17. Upon information and belief, Ms. Lane was not disciplined by Defendant for her actions towards Baptiste.

18. Baptiste advised Human Resources that Angela Lane seriously interfered with her ability to do her job. Again, there was no corrective action taken against Ms. Lane.

19. The lead supervisor, Mr. Harris, continually placed Angela Lane and Angel in close proximity of Baptiste's workstation.

20. Employees, Angela Lane and Angel continued to report frivolous complaints about Baptiste to Human Resources through the fall of 2017. Baptiste continued to be chastised, with no disciplinary actions to Baptiste as the complaints were unfounded.

21. The Human Resource Director stated to Baptiste, "we can't do business like this," referring to the continuous frivolous complaints from Angela Lane and Angel about Baptiste.

22. The Director insinuated Baptiste should rectify the situation with co-employees herself.

23. On or about January 19, 2018, Baptiste told Human Resources she was engaged to Mr. Cooper.

24. Baptiste also advised Human Resources that she would be filing for the Family and Medical Leave (FMLA) for pregnancy leave and began the paperwork for same.

25. On or about January 19, 2018, Angel was working on Baptiste's machine. Baptiste, nine months pregnant at the time and therefore larger than normal, moved behind Angel and brushed her lightly.

26. Angel complained to the lead supervisor, Mr. Harris, stating that Baptiste intentionally pushed her.

27. Mr. Harris did not investigate this matter by speaking to Baptiste nor the witness(es) to the incident.

28. Supervisor Rip Van, told Baptiste to write a statement when she returned to work the following day.

29. On or about January 20, 2018, when Baptiste returned to work, she was advised she had been terminated for not writing the statement on the day of the incident. Therefore, Baptiste was unable to complete the statement that Supervisor Rip Van advised her to write.

30. As a result of the termination, Baptiste was unable to submit her paperwork for FMLA leave to Human Resources for her maternity leave.

31. Defendant disciplined and terminated Baptiste as a result of her request for FMLA leave, which stemmed from her pregnancy, and which violated the Defendant's own policy.

32. Defendant's violations of Plaintiff's FMLA rights were willful.

33. Defendant's tangible, adverse employment actions were causally connected to Plaintiff's pregnancy and need for FMLA leave.

34. Defendant intentionally, willfully, and systematically discriminated against Baptiste by using her pregnancy and need for FMLA leave as the substantial or motivating factor in Defendant's decision to terminate Baptiste.

35. Defendant terminated Baptiste as a direct result of her pregnancy, and her request and need for maternity leave, which should have been allowed under the FMLA.

36. Baptiste was pregnant and qualified for her position when Defendant fired her.

37. Defendant's decision to terminate Baptiste's employment violated her rights under the FMLA and the FCRA.

38. Baptiste has retained the undersigned counsel and is obligated to pay them a fee.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

39. Baptiste timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), a copy of which is attached hereto as **Exhibit A**, and accordingly, is permitted to proceed to court on her claims.

40. On December 3, 2019, counsel for Plaintiff received Notice of Right to Sue from the EEOC for her Charge, a copy of which is attached hereto as **Exhibit B.**

41. Baptiste has satisfied all of the administrative procedures that were conditions precedent to filing this cause of action with no satisfactory remedy.

## COUNT I
### Violations of Florida Civil Rights Act– Pregnancy Discrimination

42. Baptiste re-alleges and references each and every allegation contained in paragraphs 1 through 41 and incorporates the same as if fully restated herein.

43. Section 760.10 of the Florida Civil Rights Act ("FCRA") states in relevant part.

  (1) It is an unlawful employment practice for an employer:

   (a) To discharge or to foil or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

44. The FCRA accordingly prohibits discrimination based on pregnancy. *Delva v. Cont'l Grp., Inc.*, 137 So. 3d 371, 374 (Fla. 2014).

45. Baptiste was pregnant and qualified for her position when Defendant fired her.

46. Defendant was well aware that Baptiste was pregnant.

47. Defendant, via its Human Resources Department, marginalized Baptiste while treating non-pregnant similarly situated employees more favorably. Specifically, Defendant's Human Resources Department failed to adequately investigate Baptiste's claims of pregnancy-based harassment from Ms. Lane and Angel, yet disciplined Baptiste when she reacted to the harassment.

48. Defendant's alleged basis for its adverse conduct against Plaintiff is pretextual and asserted only to cover up the discriminatory nature of its conduct.

49. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's pregnancy was also a motivating factor for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

50. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of her pregnancy, to which non-pregnant employees were not and would not have been subjected, in violation of the FCRA.

51. As a result of Defendant's willful and malicious discriminatory actions as a result of her pregnancy, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, compensatory damages, and attorney's fees and costs.

52. Defendant intentionally violated Baptiste's rights under the FCRA, with malice or reckless indifference, and, as a result, is liable for punitive damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and punitive damages, reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorneys' fees

and costs as authorized under Fla. Stat. § 760.11(5) and any other such damages as this honorable Court deems just.

## COUNT II
### Violations of Florida Civil Rights Act– Retaliation

53. Baptiste re-alleges and references each and every allegation contained in paragraphs 1 through 41 and incorporates the same as if fully restated herein.

54. Baptiste was pregnant and qualified for her position when Defendant fired her.

55. On several dates between May 2017 and January 2018, Baptiste engaged in protected activity by complaining to Defendant's Human Resources Department about Angela Lane and Angel's harassment based on Baptiste's pregnancy. Specifically, Baptiste told Defendant's Human Resources Department that Angela Lane and Angel were harassing her at work based on her being pregnant with Mr. Cooper's child. Defendant failed to investigate or discipline Ms. Lane or Angel.

56. Only mere weeks after Baptiste complained of harassment based on her pregnancy, Defendant summarily fired Baptiste on January 20, 2018, allegedly because she did not write a written statement regarding the January 20, 2018 incident.

57. Defendant's alleged reason for terminating Baptiste's employment is pretextual and baseless. Defendant fired Baptiste because she complained of pregnancy discrimination on throughout most of 2017.

58. Baptiste suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

59. Defendant intentionally violated Baptiste's rights under the FCRA, with malice or reckless indifference, and, as a result, is liable for punitive damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and punitive damages, reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorneys' fees and costs as authorized under Fla. Stat. § 760.11(5) and any other such damages as this honorable Court deems just.

## COUNT III
### Violation of the Family and Medical Leave Act ("FMLA") (29 U.S.C. §§ 2601-2654) - Retaliation

60. Baptiste re-alleges and references each and every allegation contained in paragraphs 1 through 38 and incorporates the same as if fully restated herein.

61. On January 19, 2018, Baptiste informed Defendant of her likely need for leave for her pregnancy, a serious health condition.

62. Only *one day* after Baptiste requested the leave, Defendant summarily fired Baptiste on January 20, 2018 allegedly because she did not provide a written statement about the January 20, 2018 incident.

63. Baptiste engaged in activity protected by the FMLA when she requested leave due to her serious health condition, consistently informing Defendant of the same.

64. Defendant knew, or should have known, Baptiste was exercising her rights under the FMLA and was aware of Baptiste's need for FMLA-protected absence.

65. A causal connection exists between Baptiste's request for FMLA-protected leave and her termination from employment with Defendant because Baptiste engaged in statutorily protected activity by requesting FMLA leave.

66. Defendant's alleged reason for terminating Baptiste's employment is pretextual and baseless.

67. Defendant retaliated terminating Baptiste's employment because she engaged in the statutorily protected activity of requesting FMLA leave, a statutorily protected activity.

68. Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating Baptiste's employment because she engaged in activity protected by the FMLA.

69. As a result of the above-described violations of FMLA, Baptiste has been damaged by Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorneys' fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT IV
## Violation of the Family and Medical Leave Act ("FMLA") (29 U.S.C. §§ 2601-2654) – Interference

70. Baptiste re-alleges and references each and every allegation contained in paragraphs 1 through 38 and incorporates the same as if fully restated herein.

71. Baptiste qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she herself began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

72. Baptiste informed Defendant of her need for leave for her pregnancy.

73. Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

74. If Defendant were to have decided that Baptiste's absence was not FMLA- qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

75. Defendant has never provided Baptiste with any notice disqualifying her FMLA leave.

76. In fact, Defendant should have determined that Baptiste was eligible for leave under the FMLA and yet refused to allow her leave and return her to work, thus terminating her employment because of her request for federally protected medical leave.

77. Baptiste engaged in activity protected by the FMLA when she requested leave due to her pregnancy – a serious health condition – consistently informing Defendant of the same.

78. Defendant knew, or should have known, Baptiste was exercising her rights under the FMLA and was aware of Baptiste's need for FMLA-protected absence.

79. Baptiste complied with all of the notice and due diligence requirements of the FMLA.

80. Defendant was obligated, but failed, to allow Baptiste to take FMLA leave and to return Baptiste, an employee who requested and took FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when she tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

81. A causal connection exists between Baptiste's request for FMLA-protected leave and her termination from employment with Defendant because Defendant denied Baptiste a benefit to which she was entitled under the FMLA.

82. Defendant's interference with Baptiste's FMLA rights was willful.

83. As a result of the above-described violations of FMLA, Baptiste has been damaged by Defendant in the nature of lost wages, salary, employment benefits and other compensation and is

therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all matters so triable.

Dated: August 12, 2020

        Respectfully submitted,

        <u>/s/ April S. Goodwin</u>
        APRIL S. GOODWIN, ESQ.
        FLORIDA BAR NO: 0502537
        The Goodwin Firm
        801 West Bay Drive, Suite 705
        Largo, FL 33770
        Phone: (727) 316.5333
        april@goodwin-firm.com

        <u>/s/ Bridgette M. Domingos</u>
        BRIDGETTE M. DOMINGOS, ESQ.
        FLORIDA BAR NO: 102375
        Domingos Law
        801 West Bay Drive, Suite 705
        Largo, FL 33770
        Phone: (727) 755-8448
        bridgette@domingoslaw.com

        *Attorneys for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 12, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to Jeffrey

M. Goodz, Esq., Attorney for Defendant, McGuinness & Cicero, 1000 Sawgrass Corporate Parkway, Suite 590, Sunrise, FL 33323.

                                                  */s/ April S. Goodwin*  
                                                 April S. Goodwin, Esq.  
                                                 Florida Bar No. 0502537